UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6005-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

vs.

FREDDIE PINCKNEY,

       Defendant.
_____/

### DETENTION ORDER

    Pursuant to Title 18 U.S.C. § 3142(f), on January 26, 2000, a hearing was held to determine whether the defendant, **Freddie Pinckney**, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions of release will reasonably ensure the safety of any other person and the community. Therefore, it is hereby ordered that the defendant, **Freddie Pinckney**, be detained prior to trial and until the conclusion thereof.

    In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.    The defendant is charged with conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base (2 counts), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Therefore, the defendant is charged with crimes involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

    2.    The Court received credible evidence that the defendant committed the offenses with which he has been charged. On August 4, 1999, a confidential informant



("CI"), accompanied by an undercover ("U/C") law enforcement agent, met with **Freddie Pinckney** in Fort Lauderdale. During the course of this meeting, the CI took from the U/C and gave to **Pinckney** $300; **Pinckney** handed to the CI what he (**Pinckney**) described as "30 rocks." Following the meeting, the CI turned the "30 rocks" over to law enforcement agents. The suspect substance later tested positive for cocaine base with a weight of 5.9 grams. This transaction was audio recorded.

On August 13, 1999, the CI met again with **Pinckney** in Fort Lauderdale. The CI gave to **Pinckney** $1,000, and **Pinckney** gave to the CI a quantity of apparent crack cocaine. Following the meeting, the CI turned the suspect substance over to law enforcement agents. A laboratory examination revealed the substance to be cocaine base with a weight of 20.4 grams. During the course of this meeting, the same U/C who had been involved in the August 4 transaction surveilled the area. This transaction was also audio recorded. 18 U.S.C. § 3142(g)(2).

3.   The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant is a United States citizen and lifelong resident of the community. His entire family, including his mother, father, and son also reside in the community. The defendant does not possess travel documents and has not travelled outside the United States.

The Pretrial Services Report reflects that the defendant has never held stable employment and has been unemployed for the past eight months. Accordingly, he reports no assets of significant value.

The Pretrial Services Report reflects that the defendant had an extensive criminal

2

history, which includes the following arrests: grand larceny (1995); aggravated battery/possession of marijuana (1996); aggravated battery (1997); aggravated battery (1997); aggravated battery (1997); aggravated battery (1997); trafficking in cocaine (1998); possession of cocaine (1998); trafficking in cocaine (1999); possession of marijuana (1999); and possession of cocaine (1999).  The Report further reflects that the defendant was convicted of possessing cocaine in 1998 and placed on 3 years probation.  (Defense counsel represents that the probation was subsequently revoked and, therefore, **Pinckney** was not on probation at the time of the instant offense.)  The Government proffered that its own computer research revealed that the defendant was convicted of narcotics trafficking in state court in 1998.  Further, the Government proffered that the defendant currently has two open cases in state court, one for trafficking in cocaine and the other for possession with intent to deliver cocaine.  In one case, **Pinckney** was arrested in possession of 220 rocks of crack cocaine.  In the other case, during the execution of a search warrant at **Pinckney**'s residence, police located within his locked bedroom 10 crack cocaine rocks.  18 U.S.C. § 3142(g)(3)(A) and (B)

    4.    The defendant has an extensive criminal history that includes at least 11 arrests for violent and narcotics offenses, and at least 1 cocaine conviction.  He currently has pending in state court 2 cocaine related cases, one involving 220 rocks and the other 10 rocks.  With respect to the instant offense, the defendant was audio recorded on two separate occasions selling to a CI 5.9 grams and 20.4 grams of crack cocaine, respectively.  Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142 (g)(4).

5.  The Court specifically finds that there is no condition or combination of conditions of release that reasonably will ensure the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community. The Court hereby directs:

1.  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3.  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 27th day of January 2000.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable William P. Dimitrouleas
United States District Judge

David Hodge, Esquire
727 NE 3rd Avenue
Fort Lauderdale, Florida 33304-2646
Attorney for Defendant

Edward Ryan, Esquire
United States Attorney's Office

United States Marshal

United States Pretrial Services